| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

| | |
|---|---|
| **Brian Arradondo,** | **Case Type:  7 (Employment)** |
|         **Plaintiff,** |            **14 (Discrimination)** |
|    **v.** | **Court File No.:** |
| **City of Minneapolis,** | **ANSWER** |
|         **Defendant.** | |

For its Answer to Plaintiff Brian Arradondo's Complaint, Defendant City of Minneapolis ("Defendant") states and alleges as follows:  Except as admitted or otherwise pled herein, Defendant denies each and every allegation, matter, and thing in Plaintiff's Complaint and puts the Plaintiff to his strict burden of proof.  Defendant states as follows:

## I.     INTRODUCTION

1.     Defendant admits that Plaintiff seeks to bring an employment discrimination action under the Minnesota Human Rights Act and other statutes, and that Plaintiff alleges wrongful discharge, discrimination, and reprisal.  Defendant denies that Plaintiff's claims have any merit.  Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2.     Defendant states that Plaintiff is an African American male who was employed by the Minneapolis Fire Department from February 1, 1996 to February 5, 2013.   Defendant admits that Plaintiff was hired by the City of Minneapolis Emergency Communications Center as a Police/Fire Dispatcher on July 15, 2013.  Whether Plaintiff is an "employee" under Minn. Stat. § 363A.03, subd. 15 is a legal conclusion to which no response is required.  Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

Arradondo Removal - Exhibit C

3.      The allegations of Paragraph 3 are legal conclusions to which no response is required.

## II.      PARTIES

4.      Defendant states that Plaintiff joined the Minneapolis Fire Department in February of

1996.  Defendant is without sufficient information to admit or deny whether Plaintiff

loved his work and considered it his lifelong career, and the allegation is therefore

denied.  Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Defendant states that Plaintiff was promoted to the rank of Fire Motor Operator in 2000,

and to the rank of Captain in 2001.  Defendant states that for a majority of his career

Plaintiff received generally satisfactory performance evaluations.  Defendant denies the

remaining allegations of Paragraph 5 of the Complaint.

## III.      FACTUAL BACKGROUND

6.      Defendant denies the allegations of Paragraph 6 of the Complaint.

7.      Defendant states that Fire Captains are eligible to take the Battalion Chief exam after five

years of experience at the Fire Captain level.  Defendant states that the Battalion Chief

exam is given periodically and positions are filled as openings arise.  Defendant denies

the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff's brother, Medaria Arradondo, was a plaintiff in a civil

rights lawsuit against the City of Minneapolis Police Department.  Defendant denies that

this was common knowledge within the Minneapolis Fire Department, and specifically

denies that it had any impact on Plaintiff's career.  Defendant denies the remaining

allegations of Paragraph 8 of the Complaint.

9.      Defendant admits that Plaintiff suffered a knee injury in 2007 while on duty, that he

eventually had surgery relating to that injury, and that he was on medical leave and/or

Arradondo Removal - Exhibit C

light duty for a period of time.  Defendant states that Plaintiff's doctor released him to return to work without restrictions in late 2008 or early 2009.  Defendant admits that Plaintiff re-aggravated the knee injury while on duty in 2012, and was placed on duty disability retirement status in February 2013.  Defendant is without sufficient information to admit or deny the precise details of Plaintiff's medical treatment and therefore denies them.  Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10.   Defendant admits that, on June 25, 2011, Plaintiff wrote an email to his supervisor stating in part, "it is beginning to seem as if I am not being given those same opportunities as those others Captains."  Defendant admits that Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission on August 23, 2011.  Defendant denies that either complaint had any merit.  Defendant denies the remaining allegations of Paragraph 10 of the Complaint.

## Promotion Discrimination Claim

11.   Defendant admits that, in 2008, Plaintiff was assigned to work under Battalion Chief Todd Steinhilber.  Defendant denies the remaining allegations of Paragraph 11 of the Complaint.

12.   Defendant admits that during a 2009 performance appraisal, Plaintiff expressed to Battalion Chief Steinhilber an interest in "riding out of grade" as a Battalion Chief. Plaintiff was given materials to review to prepare himself for the sign-off process required to ride out of grade.  Defendant is without sufficient information to admit or deny the specific words exchanged during Plaintiff's conversation with Battalion Chief Steinhilber.  Defendant denies the remaining allegations of Paragraph 12 of the Complaint.

3

Arradondo Removal - Exhibit C

13.   Defendant admits that Battalion Chief Steinhilber utilized a list of 29 skills required for his Captains to "ride out of grade."  Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

14.   Defendant admits that the Department's "Ride Out of Grade as a Battalion Chief Qualifications" sign off sheet lists nine skills required to ride out of grade.  Defendant is without sufficient information to admit or deny whether Plaintiff met these requirements because Plaintiff did not complete the sign-off process.  Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15.   Defendant admits that, in 2010, Battalion Chief Steinhilber was promoted and that Kathleen Mullen became the Battalion Chief assigned to supervise Plaintiff.  Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

16.   Defendant admits that, in an email dated June 25, 2011, Plaintiff stated in part, "I want to resubmit my request to gain experience riding out of grade as Battalion Chief" and "I simply want the same opportunity other have had with the same amount of time as Captains that I have had . . . and it is beginning to seem as if I am not being given those same opportunities as those others Captains."  Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17.   Defendant states that, on July 14, 2011, at 10:27 pm, Plaintiff was directed to provide a written account explaining his June 25, 2011 email.  He was instructed to provide this account by July 15, 2011 at 6:30 am.  Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

Arradondo Removal - Exhibit C

**Escalated Reprisal**

18.     Defendant admits that Plaintiff submitted a discrimination charge to the Equal

Employment Opportunity Commission on August 23, 2011.  Defendant denies the

remaining allegations of Paragraph 18 of the Complaint.

19.     Defendant states that Plaintiff's 2011 formal performance evaluation contained

"unsatisfactory" ratings in several different categories of performance.  Defendant is

without sufficient information to admit or deny whether Plaintiff perceived this

performance evaluation as the worst performance review of his career."  Defendant

denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Defendant states that Plaintiff received informal verbal coachings regarding the

requirements of his position.  Defendant denies the remaining allegations of Paragraph 20

of the Complaint.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint.

**Battalion Chief Opening**

22.     Defendant admits that, in October of 2011, Defendant gave an exam for the Battalion

Chief position.  Defendant admits that Plaintiff was ranked 19 out of 20 applicants on that

exam.  Defendant is without sufficient information to admit or deny whether this is the

lowest score Plaintiff has ever gotten in his career, and affirmatively states that Plaintiff

had not taken the Battalion Chief examination before October of 2011.  Defendant denies

the remaining allegations of Paragraph 22 of the Complaint.

23.     Defendant admits the allegations of Paragraph 23 of the Complaint.

Arradondo Removal - Exhibit C

24.   Defendant admits that Plaintiff re-aggravated his 2007 knee injury while on duty in 2012, and was placed on duty disability retirement status in February 2013.  Defendant denies the remaining allegations of Paragraph 24 of the Complaint.

25.   Defendant admits that, as of February 6, 2013, Plaintiff was placed on duty disability retirement status.  Defendant admits that, on or about July 15, 2013, Plaintiff began working as a Police/Fire Dispatcher for the Minneapolis Emergency Communications Center.  Defendant admits that the compensation Plaintiff is earning as a Police/Fire Dispatcher is significantly less than the compensation he was receiving in the role of Fire Captain immediately before his duty disability retirement.  Defendant denies the remaining allegations of Paragraph 25 of the Complaint.

26.   Defendant denies the allegations of Paragraph 26 of the Complaint.

27.   Defendant denies the allegations of Paragraph 27 of the Complaint.

28.   Defendant admits that Plaintiff field a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 444-2011-01587.  Defendant admits that Plaintiff filed a second charge with the Equal Employment Opportunity Commission, Charge No. 444-2012-01327, on or about July 13, 2012.  Defendant admits that Plaintiff withdrew these charges and the Equal Employment Opportunity Commission issued a Right to Sue letter dated May 13, 2013.  Defendant is without sufficient information to admit or deny whether Plaintiff notified the Commission of the Minnesota Department of Human Rights of intent to bring a civil action.  Defendant states that the timeliness of Plaintiff's Complaint is a legal conclusion to which no response is required.  Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

Arradondo Removal - Exhibit C

## IV.    COUNT ONE

### (Discrimination in Violation of the Minnesota Human Rights Act)

29.    Defendant incorporates its responses to each of the preceding paragraphs as if fully set

forth herein.

30.    Defendant denies the allegations of Paragraph 30 of the Complaint.

31.    Defendant denies the allegations of Paragraph 31 of the Complaint.

## V.    COUNT TWO

### (Reprisal in Violation of the Minnesota Human Rights Act)

32.    Defendant incorporates its responses to each of the preceding paragraphs as if fully set

forth herein.

33.    Defendant denies the allegations of Paragraph 33 of the Complaint.

34.    Defendant denies the allegations of Paragraph 34 of the Complaint.

## VI.    COUNT THREE

### (42 U.S.C. Section 1981)

35.    Defendant incorporates its responses to each of the preceding paragraphs as if fully set

forth herein.

36.    Defendant denies the allegations of Paragraph 36 of the Complaint.

37.    Defendant denies the allegations of Paragraph 37 of the Complaint.

## VII.    COUNT FOUR

### (Discrimination in Violation of the Civil Rights Act)

38.    Defendant incorporates its responses to each of the preceding paragraphs as if fully set

forth herein.

39.    Defendant denies the allegations of Paragraph 39 of the Complaint.

Arradondo Removal - Exhibit C

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

## VIII.   COUNT FIVE

### (Reprisal in Violation of the Civil Rights Act)

42.     Defendant incorporates its responses to each of the preceding paragraphs as if fully set

        forth herein.

43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

44.     Defendant denies the allegations of Paragraph 44 of the Complaint.

45.     Defendant denies the allegations of Paragraph 45 of the Complaint.

46.     Defendant denies the allegations of Paragraph 46 of the Complaint.

## IX.     RELIEF

Defendant denies that Plaintiff is entitled to any relief, including any of the relief listed in

Paragraphs a-f of the Prayer for Relief.

## X.     AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Complaint is barred in whole or in part by the applicable statute of limitations.

3.     Defendant alleges improper process and improper service of process.

4.     The action upon which the Complaint is made were privileged, were commanded or

       authorized by law, and were done in a reasonable and lawful manner under the

       circumstances, such that Defendant is immune from liability.

5.     Defendants and its employees are entitled to qualified immunity, official immunity,

       and/or statutory immunity from liability.

6.     Defendant and its employees are entitled to immunity under Minn. Stat. § 466.03.

Arradondo Removal - Exhibit C

7. Defendant's liability is limited by Minn. Stat. § 466.04.

8. Defendant City of Minneapolis is a municipality that immune from liability for punitive damages and/or punitive damages are limited.

9. Defendant City of Minneapolis alleges that it is a municipality that is immune from liability for claims under 28 U.S.C. § 1983 that are based upon the concept of *respondeat superior.*

10. Defendant denies that Plaintiff has any right to attorney's fees in this action.

11. Plaintiff has failed to avoid or mitigate the alleged detriment or damages.

12. Plaintiff has failed to exhaust administrative remedies.

13. Plaintiff's claims are barred in whole or in part by equitable doctrines including but not limited to equitable estoppel, laches, waiver, and unclean hands.

14. The policies and procedures applied by Defendant with regard to Plaintiff were fair in both form and operation.

15. Defendant's actions with regard to Plaintiff were based upon legitimate, nondiscriminatory, and common reasons.

16. Defendant denies that Plaintiff has sustained any damages.


**WHEREFORE**, Defendant prays for an Order of this Court as follows:

1. Dismissing Plaintiff's Complaint on the merits and with prejudice;

2. Awarding Defendant all reasonable costs, disbursements, and attorneys' fees to the fullest extent allowed by law; and

3. For such other and further relief as this Court deems appropriate.

Arradondo Removal - Exhibit C

Dated:  September 5, 2013                           SUSAN L. SEGAL
                                                    City Attorney
                                                    By

                                                    */s/ Andrea Kloehn Naef*

                                                    TIMOTHY S. SKARDA
                                                    Assistant City Attorney
                                                    Attorney Reg. No. #10176X
                                                    ANDREA K NAEF
                                                    Assistant City Attorney
                                                    Attorney Reg. No. 386497
                                                    Attorneys for Defendants
                                                    City Attorney's Office
                                                    City Hall, Room 210
                                                    350 South 5th Street
                                                    Minneapolis, MN  55415
                                                    (612) 673-2429

Arradondo Removal - Exhibit C